IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| G.H. REID ENTERPRISES, LLC | § | |
| | § | CASE NO. 23-34381 |
| DEBTOR | § | (CHAPTER 11) |
| | § | (Hearing set for May 21, 2024 at 2:00 PM) |

**RJMG FUND, LLC'S OBJECTION, REJECTION AND RESPONSE TO
DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION**

TO THE HONORABLE BANKRUPTCY JUDGE JEFFREY P. NORMAN:

COMES NOW, RJMG Fund, LLC. a secured creditor, ("RJMG") who files its Objection

and Response to Debtor's Third Amended Plan of Reorganization ("Objection") against the

Debtor, G.H. Reid Enterprises, LLC and rejects the Third Amended Plan of Reorganization and

would show the Court as follows:

**JURISDICTION**

1. This Objection is brought pursuant 28 U.S.C. §§ 151, 157(b) (2) (A), (K), (L) and (O) and

   and 11 U.S.C. §§ 506(b), 365, 1123, 1124, 1125, 1129(b) and 105(a). **Confirmation**

   **hearing date is set for May 21, 2024 at 2:00 pm.**

**FACTS**

2. RJMG Fund, LLC ("RJMG") is a secured creditor on seven parcels of property owned by

   Debtor on or close to or adjacent and contiguous to 6300 Dixie Houston, Texas

1

("Property") and one parcel of property owned by Anchor Development Group, LLC. RJMG's loan, in the original amount for $510,000.00 at 12% interest is secured by two filed deeds of trust ("Loan"). Debtor defaulted on the Loan by failing to timely make the payments due on the Loan and is liable for interest at the highest rate (18%) allowable under the laws of the State of Texas. Debtor further defaulted on the Loan by allowing a tax lien to be placed on the property by Panacea Fund 1, LLC in violation of the terms of the Loan and without prior approval by RJMG. In addition, Albert Ortiz had another of his entities, Anchor Development Group LLC encumber some of its property as security for the Debtor's loan which has proved to be worthless. This pledging of Anchor Development Groups LLC's assets was not disclosed in the Anchor Development Group LLC bankruptcy case 22-60051. Debtor has failed to properly identify the property it currently owns.



CAD 064-061-001-0001
CAD 064-061-001-0003
CAD 064-061-001-0004
CAD 064-061-001-0020
CAD 064-061-001-0021
CAD 064-061-001-0022
CAD 064-061-001-0023

Property:        FAIRLAWN PLACE LTS 1 & 2 BLK 1
                 6300 Dixie Drive
                 Houston, TX  77087

                 Fairlawn Place Lt 3 BLK 1
                 99999 Northdale Street
                 Houston, TX  77087

                 Fairlawn Place Lt 4 Blk 1
                 5921 Northdale Street
                 Houston, TX  77087

                 Fairlawn Place Lt 17 Blk 1
                 0 Hogue
                 Houston, TX  77087

                 Fairlawn Place Lt 18 Blk 1
                 0 Hogue
                 Houston, TX  77087

                 Fairlawn Place Lt 19 Blk 1
                 99999 Hogue
                 Houston, TX  77087

                 Fairlawn Place Lt 20 Blk 1
                 0 Hogue
                 Houston, TX  77087

3.        Debtor has failed to solicit acceptance or rejection of the Plan of

Reorganization in good faith and in compliance with the applicable provisions of this title.

4

4.	In particular, this Court has repeatedly and specifically ordered the Debtor to comply with its Orders and the Federal Bankruptcy Code. Debtor has repeatedly flaunted this Court's Orders relying on the largesse of this Court. Any one of the Debtor's violations is sufficient to dismiss or convert this case to a Chapter 7.

5.	The Debtor has ignored this Court's Orders by:

a.	Filing its Schedules late;

b.	Obtaining late the Debtor in Possession bank account;

c.	Filing all operating reports late and incomplete (failing to include bank statements and disbursements)( failing to disclose estate expenses paid by an affiliated  third party;

d.	Intentionally breaching this Court's Order (dckt 107) to make adequate protection payments to RJMG and to the taxing authority;

e.	Ignoring this Court's requirements and orders regarding obtaining authority to pay cash collateral (dckt 107);

f.	Subject to 11 USC §365, failing to provide for the assumption, rejection or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section. 11 USC § 1123(b)(2).[1]

g.	Lack of good faith in making disclosures of disputes regarding RJMG (dckt 107);

h.	Intentionally trying to discharge the rights of non-debtors in the current plan[2];

---

[1] Debtor has failed to include in its schedules in Schedule G the $50,000.00 executory contract with Michael Donovan or the Leases with any of the affiliated entities of Albert Ortiz on which the funding of this Plan relies.

[2] Debtor still attempts to modify the Note as to the co-signor Albert Ortiz in violation of 11 USC §524 (e). Ortiz did not sign a guarantee he signed as a co-signor. (dckt 109-4 page 15 of 25)

i.        Intentionally including a definition of "Effective Date" in Section 2.35 which is unintelligible and accordingly prevents implementation of the Plan.  In re Turcotte, 570 B.R. 773 (Bankr. S.D. Texas 2017)[3];

j.        Continuing to include an ambiguous, vague and discriminatory first payment date (fifth business day of the first month after the Effective Date) which is unnecessarily long as it may well exceed 30 or 60 days or more from confirmation of the Plan. (Dckt 109-4, page 15 of 25)

k.        Debtor has illegally limited RJMG's 506(b) claim to the "Confirmation Date" as opposed to the Effective Date of the Plan (see dckt 109-4 page 15 of 25). The allowance of contract interest rates to apply to so-called "pendency interest" which is interest that accrues after filing of petition but prior to reorganization plan's **effective date,** is settled law in the Fifth Circuit. Matter of Southland Corp., 160 F.3d 1054, 1059-60 (5th Cir. 1998). (emphasis added)

l.        **Intentionally failing to specifically incorporate the Note and Deed of Trust in the Plan of Reorganization. Debtor's reference to "written agreement" and "prepetition agreements" (dckt 109-4 page 15 of 25) is intentionally ambiguous, vague, deceptive and included therein in bad faith. Such language could create fact questions in the event of a default, as any alleged prepetition oral or written agreements could require a full trial and indefinitely delay payment. These tactics are intentional throughout the**

---

[3]  The Effective Date may not be up to the "Debtor's sole and absolute discretion."(paragraph 10.1 of the Plan.)According to the Supreme Court, the effective date of the plan "is the date on which the plan is confirmed and becomes binding." Hamilton v.Lanning, 560 U.S. 505, 518, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010) ; see e.g., In re Montemayor, 2010 Bankr.LEXIS 4819, 2010 WL 5315814, at *1  (using the date that the order confirming the plan was docketed as the effective date).

**Debtor's relationship with RJMG.  Debtor must specifically incorporate RJMG's Note and Deed of Trust in order for there to be no mistake as to the obligations regarding late fees, default interest and attorney's fees owed by the Debtor in the event of a default and to specifically retain the liens securing the claims. 11 USC § 1129(b)(2)(A)(i)(I). The Debtor has further failed to even properly identify "RK(sic)MG Fund's documents" from the Petition Date through the Confirmation Date.** (paragraph 8.2 see dckt 109-4 page 15 of 25)(emphasis added)

6.   RJMG specifically requested in its proof of claim payment of post petition interest, attorney's fees and expenses;

POST PETITION EXPENSES

Post Petition Expenses pursuant 11 USC section 506 as an over secured creditor. Per diem interest on $563,317.61 at 18% = $277.80 from November 7, 2023. Attorney fees of approximately $15,000.00 Late fees as agreed in the Note. (RJMG now anticipates total fees from November 7, 2024, are now approximately $25,000.00.)

7.  Debtor is attempting to wrongfully delay and extend the claims payment process;

8.  Debtor has intentionally failed to properly identify the real property of the estate;

9.   Debtor continues to wrongfully use affiliated third parties owned by the Albert Ortiz to pay estate claims;

10.      Debtor is continuing to wrongfully attempt to assert the Note and Deed of Trust were not in default at the time of the filing of the bankruptcy;

11.      Debtor has failed to compel affiliated third parties pay monthly rent or submit signed leases establishing gross income of the Debtor;

12.      Debtor has failed to produce signed leases with Albert Ortiz' affiliated entities;

7

13.    Debtor wrongfully is allowing for the liquidation of the property in the Plan;

14.  Debtor only provides for a two percent premium over the Prime Lending rate of 8.5%. Further, the United States Court of Appeals for the Fifth Circuit has recognized that the general consensus that has emerged provides that a one-to-three percent adjustment to the prime rate as of the effective date a debtor's plan is appropriate. <u>Drive Fin. Servs., LP. v. Jordan</u>, 521 F3d343, 350 *(5th Cir. 2008). This court has heard evidence that due to the Debtors habitual defaults and extreme litigious nature, that no lender would loan money to the Debtor for less than 12%. Further, the Fifth Circuit has stated that "a 1.00% adjustment represent[s] the low risk debtor and a 3.00% adjustment represent[s] a high risk debtor." <u>Texas Grand Prairie Hotel Realty, L.L.C.</u>, 710F.3d 324, (5th Cir.) Accordingly, a minimum of 3% should be added to the prime rate of 8.5%. This amount is still less than the 12% which the Debtor contractually agreed to, and which is at least the market rate for such a risky loan.

15.    Upon information and belief, Debtor is a Texas Limited Liability Company that owns the same land which constitutes a 1.1 acre parcel of land with two metal buildings ("Property"). Debtor has no business other than the ownership of the land. Debtor showed virtually no other legitimate assets and its only substantial debt is to RJMG Fund, LLC, and various taxing entities which it wrongfully accrued during the term of the RJMG note.

16.    RJMG on February 7, 2024, filed its proof of claim in the amount $563,317.62. On February 12, 2024, RJMG filed its Amended Proof of Claim with the attached Note and Deeds of Trust and other attachments.  $563,317.62 was due on November 7, 2023.

    a.   RJMG's Amended Proof of Claim with attachments was filed in this case on February 12, 2024.

17.    Debtor signed a note ("Note") in the amount of $510,000.00 and signed two deeds of trust over securing the amount owed to RJMG. The contract rate of interest in the Note normally would be 12% compounded monthly; however, Debtor defaulted on the first payment to RJMG and wrongfully borrowed money from another lender placing a superseding lien on RJMG's collateral, thereby immediately defaulting on the Note. Debtor was notified of the defaults prior to the bankruptcy filing. Therefore, the default contract rate of interest on the date of the bankruptcy filing is 18%.[4]

18.    On January 11, 2024, (dckt no. 38) Debtor filed a Disclosure Statement and Plan of Reorganization claiming the Debtor's real property securing RJMG's debt is valued between $800,000.00 and $975,000.00. For the purposes of this Motion, RJMG accepts that the value of the Debtor's real property is $802,000.00.

19.    Harris County Appraisal District has appraised the market value at approximately $802,000.000.

20.    Accordingly, RJMG is an over secured creditor.

21.    An over secured creditor is due "pendency interest" at the contract rate as part of its claim in a Chapter 11 reorganization. In re Turcotte, 570 B.R. 773 (Bankr. S.D. Texas 2017); In re SJT Ventures, LLC, 441 B.R. 248 (Bankr. N.D. Tex. 2010).

22.    Where the value of the collateral is greater than the amount of a creditor's allowed claim as of the petition date, the amount of the creditor's allowed secured claim, according to 11 §U.S.C.

---

[4] A true and correct copy of the Note is attached to RJMG's filed proof of claim.

506(b), may include post-petition accrued reasonable attorney's fees and costs, up to the value of the collateral. *In re Pan Am Gen. Hosp., LLC*, 385 B.R. 855 (Bankr. W.D. Tex. 2008)

23. Bankruptcy judges follow a three-step process in awarding attorney's fees to secured creditors: (1) determine the nature and extent of the services supplied by the attorney with reference to the time and labor records submitted; (2) ascertain the value of the services; and (3) briefly explain the findings and the reasons upon which the award is based. *In re Pan Am Gen. Hosp., LLC*, 385 B.R. 855, 858 (Bankr. W.D. Tex. 2008) Debtor contends its post petition attorney fees may be approximately $25,000.00. RJMG asks this Court to take judicial notice of number of evidentiary hearings held in this matter and the continued failure of the Debtor to comply with this Court's orders regarding schedules, debtor in possession bank accounts, cash collateral, intentional non payment of adequate protection to RJMG and the insufficient payment for the its tax obligations, continued attempts to change the obligation of a non-debtor and intentional failure to include known information on Schedule G.

24. "Pendency Interest" is interest that accrues after filing of the petition, but prior to reorganization plan's effective date, which is settled law in the United States Court of Appeals for the Fifth Circuit. Matter of Southland Corp., 160 F.3d 1054, 1059-10160 (5th Cir.1998); In re Turcotte, 570  B.R. 773 (Bankr. S.D. Texas 2017); In re SJT Ventures, LLC, 441 B.R. 248. (Bankr. N.D. Tex. 2010).

25. Prior to confirmation, §506(b) requires that a solvent debtor pay contract rate of interest during the pendency of the case; thus, the secured creditor gets the benefit of its bargain, because if the creditor did not receive its prepetition interest rate on an over secured claim, it would result in a windfall to those holding the equity position. Matter of Southland Corp., 160 F.3d 1054, 1059-1060 (5th Cir.1998); In re SJT Ventures, LLC, 441 B.R. 248. (Bankr. N.D. Tex. 2010).

26. The contract interest rate in the Note on November 7, 2023, was 18%.

27. The amount owed on the date of the bankruptcy filing was $563,317.62. Therefore, the monthly amount owed to RJMG is $8,449.76.[5]

28. Debtor has admitted that the yearly taxes on the property in 2023 were $16,286.22.

29. RJMG should have been paid adequate protection from the Debtor in an additional amount for the payment of taxes in the amount of $1,357.19 per month.

30. Debtor has failed to provide "adequate information" as required in 11 USC § 1125(a)(1) and has filed its Plan in bad faith. RJMG objects to the Disclosure Statement and Plan of Reorganization for the reasons set forth below:

   a. Debtor's Disclosure Statement references the required operating reports as an attachment; however, no such attachment exists. This intentional omission alone is sufficient to warrant the conversion or dismissal of this bankruptcy.

   b. There is no defined term identified as "Additional Amounts" in the Plan. (see dckt 109-4 page 15 of 25)

   c. Albert Ortiz is a co-debtor of the Debtor. The Plan of Reorganization seeks to alter the obligation of a non-debtor through the implementation of the Plan of Reorganization in violation of 11 USC § 524(e).

   d. Debtor has failed to obtain permission to employ Michael Donovan to pay his unliquidated prepetition claim for work done post petition.

   e. Debtor has failed to identify Michael Donovan as an insider.

   f. The Plan has failed to prohibit the Debtor from further encumbering the property without written approval from RJMG and other secured creditors.

---

[5] 18% x $563,317.62=$101,397.17 / 12= $8,449.76

g. The Plan has failed to specifically incorporate RJMG's Note and Deeds of Trust in the Plan of Reorganization. This action is required so there is no question as to which Note and Deeds of Trust exist after bankruptcy.

h. The Plan has failed to provide the safeguards necessary to support the required payments of a habitual defaulter. The Plan provides for no basis for a good faith belief that the Debtor will be able to make the payments required.

i. The Debtor has no signed leases sufficient to fund the monthly obligations of the Debtor.

j. Debtor requirement of default is unnecessarily onerous. Debtor demands notice be served in the event of default by first class and certified mail to the Debtor and Debtor's attorney and email to Debtor and two additional emails to the Debtor's attorney. Such requirement is unnecessarily complex and intended to delay payment by the Debtor.

k. Debtor has failed to identify the actual amount owed on all of its taxes on the Property.

l. Debtor has failed to provide for assurance that it will not further encumber the bankruptcy estate by taking property tax loans to pay the property taxes.

m. Debtor has failed to provide how it will pay for post-petition attorney's fees.

n. Debtor has failed to disclose sufficient financial information of the "tenants" for the creditors to determine whether they have the ability and legal obligation to pay rent or fund the Plan for the term of the Plan.

o. Debtor has failed to account for the $34,000.00 received by RJMG.

p.  Debtor objects to the Plan since it ostensibly provides for the unlawful amendment of a contract as to non-debtors.

WHEREFORE, PREMISES CONSIDERED, RJMG FUND. LLC prays that this Court sustains its Objection to the Plan of Reorganization, and that it deny confirmation of the Plan of Reorganization and that it convert this case to a Chapter 7 and for such other and relief as the Court deems it justly entitled.

Respectfully submitted,

/s/ Edgar A. Goldberg
Edgar A. Goldberg
6525 Washington Avenue
Houston, Texas 77007
SBN 08075100
(713) 629-5889
(713) 629-5879 (fax)
713-256-1014 (cell)
edgar@eagoldberglaw.com

ATTORNEY FOR RJMG Fund, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2024, a true and correct copy of the above and foregoing Objection to confirmation of Plan of Reorganization was served, via electronic delivery or first class mail, postage prepaid, upon the parties listed on the attached Service List pursuant to rule 9007 of the Local Rules.

**Debtors**

G.H. Reid Enterprises, LLC
6300 Dixie Drive
Houston, Texas 77087
To its attorney

**TRUSTEE**

US Trustee
515 Rusk
Houston, Texas 77002

13

**Debtor's Attorney**

Reese Baker
950 Echo Lane
Suite 300
Houston, Texas 77024


Hector Duran Jr.  US Trustee
515 Rusk Ste 3516
Houston, Texas 77002

Office of U.S. Trustee
Ha Minh Nguyen
515 Rusk Ste. 3516
Houston, Texas 77002

**/s/Edgar A. Goldberg**
Edgar A. Goldberg

14