**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **G.H. REID ENTERPRISES, LLC** | § | |
| | § | **CASE NO. 23-34381** |
| **DEBTOR** | § | **(CHAPTER 11)** |
| | § | |

**RJMG FUND, LLC'S EMERGENCY MOTION FOR AN ORDER TO SUA
SPONTE LIFT THE AUTOMATIC STAY AS TO DEBTOR'S ALLEGED PROPERTY
AND TO DISMISS OF CONVERT TO A CHAPTER 7**

TO THE HONORABLE BANKRUPTCY JUDGE JEFFREY NORMAN:

**EMERGENCY relief has been requested. If the Court considers the motion on an**

**emergency basis, then you will have less than 21 days to answer. If you object to the**

**requested relief or if you believe that the emergency consideration is not warranted, you**

**should file an immediate response.**

**This motion seeks an order that may adversely affect you. If you oppose the motion,**

**you should immediately contact the moving party to resolve the dispute. If you and the**

**moving party cannot agree, you must file a response and send a copy to the moving party.**

**You must file and serve your response within 21 days of the date this was served on you.**

**Your response must state why the motion should not be granted. If you do not file a timely**

**response, the relief may be granted without further notice to you. If you oppose the motion**

**and have not reached an agreement, you must attend the hearing. Unless the parties agree**

**otherwise, the court may consider evidence at the hearing and may decide the motion at the**

**hearing.**

**Represented parties should act through their attorney.**

COMES NOW, RJMG Fund, LLC. a secured creditor, ("RJMG") who files its Emergency Motion to for an Order to Sua Sponte Lift the Automatic Stay against the Debtor, G.H. Reid, LLC and Dismiss or Convert this case to a Chapter 7and would show the Court as follows:

### JURISDICTION

1. This Motion is brought pursuant 28 U.S.C. §§ 151, 157 and 1334, 1112 and 11 U.S.C. §§ 362(d), and 105(a) and Rule 4001(a)(1).

### FACTS

2. On May 6, 2024, GH Reid Enterprises, LLC without Court approval purchased the real property owned by 7502 Harrisburg, LLC ("7502") for sole purpose of again stopping the foreclosure sale by Texas Funding Corporation in direct violation of this Court's order regarding cash collateral and to wrongfully stop the lifting of the automatic stay which has been repeatedly ordered by Judge Lopez.

3. 7502 Harrisburg, LLC filed its second Chapter 11 bankruptcy on March 5, 2024, case 24-31002.

4. 7502 is a shill company in which Albert Ortiz is acting as its Chief Restructuring Officer. Albert Ortiz is also the Debtor in Possession of GH Reid Enterprises, LLC.

5. This Court has knowledge of this matter since Albert Ortiz filed the first 7502 bankruptcy in this Court case no. 24-34813 without an attorney in order to wrongfully stop a previous foreclosure. This Court summarily dismissed the case on 12/12/2023 dkt no. 22.

6. The property owned by 7502 Harrisburg, LLC ("Property") was set for foreclosure again today, May 7, 2024.

7. To further circumvent Judge Lopez' and this Court's orders, Debtor, Ortiz, and Cepeda purportedly agreed on May 6, 2024 to transfer the 7502 Property from Cepeda to Ortiz, and then to GH Reid. An email sent by Ortiz to Texas Funding Corporation on May 7, 2024, contains two Summary Sale and Purchase Agreements, one from Cepeda to Ortiz for Debtor, and the second from Ortiz, individually, to GH Reid. True and correct copies of the Purchase and Sales Agreements are attached hereto as Exhibits A and B.

8. Both of these supposed agreements are in violation of the bankruptcy law, involve two entities in Chapter 11, were done without any court approval, and were done in direct violation of Judge Lopez' previous orders as to Ortiz and the Property.

9. Judge Lopez repeatedly lifted the automatic stay on the 7502 Property and cautioned Albert Ortiz not to continue to try to circumvent his orders. Orders to lift the Automatic Stay on the 7502 Property were issued on January 22, 2024 in the Anchor Development Group LLC (another Albert Ortiz company) case no. 22-60051 dckt. No. 67. Judge Lopez reiterated his ruling on January 31, 2024, in the same case dckt. No. 75. Judge Lopez again ordered the same lifting of the automatic stay on April 9, 2024 in case no. 24-31002 dckt no. 19. True and correct copies of Judge Lopez' orders are attached hereto as Exhibit B, C and D.

10. Now Ortiz claims that the transfer of the 7502 Property to the estate of GH Reid precludes the foreclosure of the Property in spite of Judge Lopez' Orders of April 9, 2024 and the other orders issued by Judge Lopez in the bankruptcy of Ortiz's other

entity, Anchor Development Group, LLC that is pending before this Court as Case No. 22-60051 (CML); In Re: Anchor Development Group, LLC

11. Albert Ortiz' continued violation of this Court's orders are cause to lift the automatic stay on the 7502 property.

12. Albert Ortiz' purchase of the 7502 Property is further evidence of his bad faith and total disregard of this Court's orders and procedures. Such actions constitute cause to dismiss or convert this case to a Chapter 7 under 11 USC § 1112.

13. A Court has the inherent authority to hold parties in contempt and to punish parties for the violation of its orders and the law.

14. An Emergency Motion to Show Cause and forSanctions has been filed today in the 7502 Harrisburg, LLC bankruptcy case no. 24-31002 before Judge Lopez.

## REQUEST FOR JUDICIAL NOTICE

15. RJMG Fund, LLC asks the Court to take judicial notice of the docket sheet and filings in this case.

16. RJMG Fund, LLC requests that this Court take judicial notice of the testimony of Albert Ortiz on April 11, 2024, before the court admitting he intentionally violated this Court's previous order.

17. RJMG further requests that Rule 4001 (a)(1) be waived allowing an order granting a Motion for Relief of the Automatic Stay to take immediate effect.

## EMERGENCY CONSIDERATION EXISTS

RJMG Fund, LLC. requests an expedited hearing on this Motion due to egregious, contemptuous, illegal, and outrageous actions of Debtor, Ortiz and Cepeda attempting to flagrantly and willfully violate bankruptcy law and the orders of this Court.

**CERTIFICATION**

I hereby certify to the best of my belief that the facts stated herein regarding the emergency basis of this matter is true and correct.

**CONFERENCE**

I contacted Reece Baker by email at 11:05 am on May 7, 2024 to ask if he opposes this Emergency Motion to Lift Stay and to Dismiss or Convert. Mr. Baker responded and opposed the motion.

WHEREFORE, PREMISES, CONSIDERED, RMJG Fund, LLC prays that this Court Sua Sponte lift the Automatic Stay as to the Property and Convert this Case to a Chapter 7 and further grant RMJG Fund, LLC such other and further relief as the Court deems it justly entitled.

Respectfully submitted,


/s/ Edgar A. Goldberg
Edgar A. Goldberg
6525 Washington Avenue
Houston, Texas 77007
SBN 08075100
(713) 629-5889
(713) 629-5879 (fax)
713-256-1014 (cell)
Edgar @eagoldberglaw.com

ATTORNEY FOR RMJG Fund, LLC


**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May 2024, a true and correct copy of the above and foregoing Emergency Motion to Sua Sponte Lift the Automatic Stay was served, via electronic delivery or first class mail, postage prepaid, upon the parties listed on the attached Service List pursuant to Rule 9007 of the Local Rules.

**Debtors**

G.H. Reid Enterprises, LLC
6300 Dixie Drive
Houston, Texas 77087

**TRUSTEE**

US Trustee
515 Rusk
Houston, Texas 77002

**Debtor's Attorney**

Reese Baker
Reese Baker
950 Echo Lane
Suite 300
Houston, Texas 77024

Hector Duran Jr.
US Trustee
515 Rusk Ste 3516
Houston, Texas 77002

**Office of U.S.Trustee**

Ha Minh Nguyen
515 Rusk
Ste. 3516
Houston, Texas 77002

**/s/Edgar A. Goldberg**
Edgar A. Goldberg