**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 23-34381** |
| **G. H. Reid Enterprises, LLC** | § | |
| | § | |
| **Debtor** | § | **Chapter 11** |
| | § | |

**BAKER & ASSOCIATES FINAL APPLICATION FOR APPROVAL OF COMPENSATION FOR SERVICES RENDERED, AND REIMBURSEMENT OF EXPENSES INCURRED AS BANKRUPTCY COUNSEL FOR DEBTOR FOR THE TIME PERIOD OF NOVEMBER 8, 2023 TO MAY 13, 2024**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

Please take notice that the Final Application for Approval of Compensation for Services Rendered, and Reimbursement of Expenses hearing, has been set for **September 25, 2024 at 11:00 a.m.**, and will be held **electronically.**

**Parties may participate electronically.  To participate electronically, parties must follow the instructions set forth on Judge Norman's web page located at:**

https://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-jeffrey-p-norman

**Parties are additionally instructed:**

The dial in number for hearings before Judge Norman is 832-917-1510 and the conference room number is 174086 and

For video appearances and witness testimony, parties are to utilize the **GoToMeeting** web-based application and enter conference code:  judgenorman

2 | P a g e

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Baker & Associates ("Applicant" or "Baker") submits this Final Application for Approval of Compensation for the Services Rendered and Reimbursement of Expenses Incurred as Bankruptcy Counsel for G. H. Reid Enterprises, LLC (the "Debtor") for the time period of November 8, 2023, to May 13, 2024 (the "Fee Application") and shows as follows:

1. The Debtor filed its bankruptcy petition on November 7, 2023, as a case under chapter 11 in the United States Bankruptcy Court for the Southern District of Texas.

2. Applicant was employed by and acted as bankruptcy counsel for the Debtor and the Debtor's estate for the Chapter 11 case.  This application is for the fees and expenses of Applicant in its representation of Debtor for the time period of the Chapter 11 case.

3. This court approved the application to employ on December 15, 2023, at docket #27.

4. By this Fee Application and pursuant to 11 U.S.C. § 330(a) and 331 and Bankruptcy Rule 2016, Applicant seeks approval of its fees and expenses.

5. Applicant requests approval of its fees and expenses in the total amount of $41,898.61 for the Chapter 11 case.

6. Albert Ortiz, the owner of the Debtor, deposited with Baker on behalf of the Debtor, the amount of $6,738.00 on November 6, 2023. Baker applied $1,738.00 for filing fees and $1,260.00 to pre filing fees for its case. The remaining amount of $3,740.00 was placed in the IOLTA account of Baker subject to order of the court. Albert Ortiz, the owner of the Debtor, deposited with Baker on behalf of the Debtor, an additional $1,000.00 on January 10, 2024, $1,000.00 on January 12, 2024, $1,000.00 on January 26, 2024. $1,000.00 on January 29, 2024, and $1,500.00 on April 16, 2024 to be held in the IOLTA account of Baker subject to order of the court. The additional amount of $5,500.00 was placed in the IOLTA account of Baker, for a total of $9,240.00, subject to order of the court.

7. In addition to its fees, Applicant normally seeks and recovers reimbursement of U.S. mail, messenger, Federal Express and other courier services, legal research, travel expenses, long distance telephone and fax charges, and document reproduction cost from its client in both bankruptcy and non-bankruptcy cases. Applicant requests that this court approve the reimbursement of the expenses of $348.61.

**Case Status, Background of Debtors and Description of Services, Activities, and Issues in Case and Results Achieved**

8. On November 7, 2023, the Debtor filed its Chapter 11 case.

9. The Debtor had borrowed funds from TRJMG Fund, LLC. TRJMG Fund, LLC assigned its interest in the promissory note and deed of trust executed by the Debtor to RJMG Fund LLC ("RJMG").

10. RJMG filed an emergency motion to dismiss the case with prejudice based on issues in a case of the Debtor that had been dismissed in the spring of 2022.

11. The court declined to set an emergency hearing but did set the matter on an expedited basis for December 12, 2023.

12. After a lengthy hearing, the court did not dismiss the case. The court ordered the Debtor to perform certain actions within the next 30 days.  The court continued the hearing and set as a motion to lift the stay for 30 days later.

13. Applicant appeared for the status conference on January 10, 2024.  The status conference was continued for 2 days.

14. The Debtor filed a plan of reorganization on January 11, 2024. The plan was filed less than 35 days after the case was filed.   Applicant also prepared a disclosure statement and filed the disclosure statement.

15. Applicant worked with the Debtor to prepare and file the monthly reports.

16. The court set a hearing on the Disclosure statement for February 7, 2024.

17. Applicant filed a motion to approve lease agreements for the Debtor.

18. The court conducted a lengthy hearing on January 12, 2024.  The stay was conditioned as announced.  The Debtor had to make monthly payments, carry insurance and file monthly reports.  The court also approved the Debtor entering into the lease agreements.

19. RJMG filed an objection to the disclosure statement.  Panacea Fund also filed an objection to the plan.

20. RJMG filed an election under 1111(b).

21. The court denied the disclosure statement at the hearing on February 7, 2024, but indicated the matters that needed to be updated and corrected. Another hearing on the Disclosure statement was set for March 4, 2024.

22. On February 13, 2024, RJMG filed an expedited motion for pendency interest and adequate protection.  The court determined that adequate protection had already been ordered and did not require further action by the Debtor.

23. The Debtor filed an amended disclosure statement and an amended plan.

24. At the hearing on March 4, the court announced an approval of the Disclosure statement. The court set a hearing on the plan for April 11, 2024.

25. RJMG filed another objection to the plan along with Panacea.

26. At the hearing on April 11, 2024, the court denied confirmation but allowed the Debtor to file an amended plan.

27. On April 11, 2024, RJMG filed another emergency motion to lift the stay.  On the next day the court abated the motion.

28. The Debtor filed an amended plan on April 25, 2024.

29. RJMG filed an objection to the Third Amended Plan on May 6, 2024.

30. On May 7, 2024, the owner of the Debtor filed notices of transfers of properties involving the Debtor.  Without any notice to Applicant or involvement of Applicant, the owner of the Debtor got the real property owned by another entity, 7502 Harrisburg, transferred to the Debtor.  7502 Harrisburg was an entity in bankruptcy on which the stay had been lifted and was set for foreclosure on May 7, 2024.

31. RJMG fund filed an emergency motion on May 7, 2024, to lift the stay.  The court set a hearing on the motion for May 13, 2024.

32. Applicant filed a response and exhibit and witness lists.

33. At the hearing on May 13, 2024, the court entered an order to convert the case to a chapter 7 case.

34. Applicant made significant efforts to continue the case, address the numerous actions of the lender and have the case ready to confirm a plan.  But for the actions of the owner of the Debtor on or about May 7, 2024, the case would have probably had a very different outcome.

**Time and Labor Required**

35. Applicant has set forth the actual time expended by Applicant in detail in Exhibit A, and summarized the time according to the person providing the service.  As reflected in Exhibit B, Applicant's professionals expended a total of 78.5 hours in this case ($41,212.50) and Applicant's para-professionals expended a total of 3.0 hours ($337.50).

36. Applicant has used associate and paralegal skills to perform services that are more cost effectively performed by these individuals. Applicant believes that the services performed were performed by the most efficient persons.

**The Novelty and Difficulty of the Issues Involved**

37. The case involved an entity that owned real property but had a very upset lender.  Counsel for the lender took multiple and significant steps to attempt to have the case dismissed, converted or the stay lifted.  Applicant was able to successfully overcome the multiple actions to dismiss, convert or lift the stay and to obtain a hearing on a plan that Applicant believes could have been confirmed but for the actions of the owner of the Debtor.

38. Effectively the case had difficult issues due to the continued actions of the lender that had not been successful until the owner of the Debtor took actions on May 7, 2024 that caused the case to be converted to a chapter 7 case.

**Skills Requisite to Properly Perform the Legal Services**

39. An understanding of the bankruptcy laws and issues was important to the proper representation of the Debtors.  This case presented issues that required a working knowledge of the Bankruptcy Code and case law. This case required an attorney with working knowledge and skill in Chapter 11 cases.

40. Applicant was able to address the legal issues but was unable to overcome the actions of the owner of the Debtor on May 7, 2024.  Applicant was completely unaware of the actions

taken by the owner of the Debtor immediately prior to May 7, 2024, and did not have any involvement in the transfer of properties.

### Preclusion from other Employment

41. Counsel is actively involved in business and consumer cases. The involvement in a chapter 11 case requires time and does restrict the ability of counsel to involvement in other chapter 11, chapter 13 and chapter 7 cases.

42.  The amount of time required in this case did not materially impact the ability of Applicant to engage in marketing and other business. However, the actions of the owner of the Debtor on and immediately prior to May 7, 2024, did require considerable time.

### Customary Fee

43. All charges for services rendered and for reimbursement of cost incurred are the rates in the amounts Applicant customarily billed to, and collected from, Applicant's other clients for similar services. Applicant's time records indicating (i) all professional and para-professionals who rendered services for the Debtor, (ii) the time expended by each person for each day, (iii) the respective billing rates of these persons, and (iv) the total requested amounts for services rendered to the Debtor are attached as Exhibit A. Applicant's attorneys and para-professionals recorded the services they performed on daily time sheets in six minute increments, or in tenths of an hour. These time entries were made substantially contemporaneously with the performance of the services described in the time records and were kept in the regular course of the Applicants business. Additionally, Exhibit B details by category the fees actually incurred. Applicant believes that the amount requested as compensation for services rendered and for reimbursement of expenses incurred are reasonable, necessary and should be approved.

**Whether the Fee is Fixed or Contingent**

44. Applicant has calculated its fees on the basis of a fixed hourly rate for the services performed.

45.  Applicant had to rely on the ability of the Debtor to make payments.  Applicant had to anticipate that the Debtor would be able to reorganize and continue in business.

46. The Debtor was not able to reorganize.  After the owner of the Debtor had transferred real property of another entity into the name of the Debtor, the bankruptcy court converted this case to a chapter 7 case.

47. Except for the guarantee of payment by the authorized agent of the Debtor, no promise regarding payments existed other than the promise that the Applicant may seek compensation and reimbursement from the Debtor's estate, and the Debtor as reflected by this fee application.  Except for the guarantee of payment by the authorized agent of the Debtor, Applicant has no agreement or understanding with any other entity about the sharing of any payments, except as to the internal arrangements of Applicant for its members and employees.

48. Applicant may seek payment from the guarantor, but the ability to collect from the guarantor is uncertain.

**Limitation Imposed by the Client or Other Circumstances**

49. Applicant worked to meet deadlines imposed by the court and by the circumstances. Applicant had to address the multiple actions by the lender, RJMG.  The actions of RJMG imposed additional work, time and efforts by Applicant due to the number of actions taken.

**Amounts Involved and Results Obtained**

50. The case involved real estate in Houston, Texas.  The Debtor had a confirmation hearing scheduled to approve an amended plan that Applicant believed addressed the objections and open issues in the case.  Applicant believes that if the owner of the Debtor had not conveyed real property on or about May 7, 2024, then the Debtor should have been able to confirm its amended plan and move forward with its business.  In other words, but for the actions of the owner of the Debtor the Debtor should have obtained a confirmed plan.

**Experience, Reputation and Ability of the Applicant**

51. Applicant is experienced, capable, and has a good reputation in the community. Applicant's bankruptcy section has been retained in similar bankruptcy cases to represent clients from all around the nation. Applicant is Board Certified by the Texas Board of Legal Certification in Business Bankruptcy Law and Consumer Bankruptcy Law.

**The Undesirability of the Case**

52. The case had possible issues as to feasibility and claims by creditors.   The case may not be considered a desirable case by bankruptcy attorneys.

53. Applicant worked with the Debtor on issues for chapter 11, payments and claims.  The renter of the property was an entity owned by the Debtor.  The Debtor did not have the funds to pay for the continued operations of the property without a confirmed plan.

54. Applicant was not aware of the actions that the owner of the Debtor might take.  If Applicant (or any other attorneys) had known in advance of the actions that the owner of the Debtor was going to take on May 7, 2024, no attorneys would have taken this case.

**Nature and Length of Professional Relationship with the Debtors**

55. Applicant conferred with the Debtor on the day prior to a scheduled foreclosure.  The owner of the Debtor wanted to file a bankruptcy to stop a foreclosure and Applicant met with him on the day prior to the foreclosure.  Applicant had no prior connections with the Debtor prior to the engagement and filing of the chapter 11 case in November of 2023.

**Awards of Similar Cases**

56. The fees requested by Applicant are comparable to the fees requested in other similar proceedings for similar services.  Applicant request that this court take notice of awards in comparable cases for comparable services.

**Application of Retainer**

57.  As of the filing date, Applicant applied $1,738.00 for filing fees and $1,260.00 in other fees and expenses for filing its case. The remaining amount of $3,740.00 was placed in the IOLTA account of Baker subject to order of the court. An additional amount of $5,500.00 was placed in the IOLTA account of Baker, for a total of $9,240.00, subject to order of the court.

**Fees and Expenses Requested**

58. The fees and expenses requested in this application are as follows:

| | |
|---|---|
| Total Fees | $ 41,550.00 |
| Total Expenses | $      348.61 |
| Total Amount | $ 41,898.61 |

The Expenses of Applicant are set forth on Exhibit C. Applicant believes that the total expenses are reasonable, necessary, and appropriately reimbursable.

The Debtor has a retainer amount of $9,240.00 in the IOLTA account of Applicant. After application of the retainer, the Debtor owes the Applicant the amount of $32,658.61.

### Conclusion

Applicant believes that the service rendered by it as described have been beneficial to the Debtors' estate, the Debtors, and others.  Applicant further believes and represents that the Total Fees and Expenses sought in connection with the services provided are reasonable based upon the nature, extent and value of the services, the time spent on the services, and the cost of comparable services rendered other than in a case under Title 11 of the United States Code.

WHEREFORE, Applicant respectfully requests that this court enter an Order (i) approving Applicant's request for allowance of Total Fees of $41,550.00 and allowance of Total Expenses of $348.61 for the period of November 8, 2023 to May 13, 2024, for the chapter 11 case and (ii) and for such other and further relief as to which this court may deem appropriate.

DATED:  August 27, 2024

Respectfully submitted

*/s/ Reese W. Baker*

_____
Reese W. Baker
Baker & Associates.
Tx Bar No. 01587700
950 Echo Lane, Ste. 300
Houston, TX 77024
713-869-9200
713-869-9100 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on or about August 27, 2024, I caused a copy of the foregoing document and all attachments to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on or about August 27, 2024, I caused a copy of the Notice of Application for Compensation by Counsel for Debtor to be served by U.S. Mail, postage prepaid to all parties listed below:

G. H. Reid Enterprises, LLC
c/o Albert Ortiz
6300 Dixie Dr
Houston, TX 77087-5006
Via email: aco505@yahoo.com

I further certify that on or about August 27, 2024, I caused a copy of the Notice of Application for Compensation by Counsel for Debtors to be served by U.S. Mail, postage prepaid to all parties on the attached mailing matrix.

Exhibit M

*/s/ Reese W. Baker*
Reese W. Baker