**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| | § | |
| G.H. REID ENTERPRISES, LLC | § | CASE NO. 23-34381 |
| | § | (JPN) |
| DEBTOR | § | |

**RELATIVE LENDING'S OBJECTION TO THE FINAL APPLICATION FOR
APPROVAL OF COMPENSATION OF BAKER & ASSOCIATES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Larry the Lender, LLC fka Relative Lending, LLC ("Relative Lending") hereby submits its Objection (the "Objection") to Baker & Associates Final Application for Approval of Compensation for Services Rendered, and Reimbursement of Expenses Incurred as Bankruptcy Counsel for Debtor for the Time Period of November 8, 2023 to May 13, 2024 (the "Application") [ECF No. 177] and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Debtor filed this bankruptcy as a Chapter 11 on November 8, 2023 in an attempt to stop the foreclosure of its real property by its secured lender.  This bankruptcy is in addition to the previous bankruptcy filing of Debtor in January 2022 that was dismissed in May 2022.  From the beginning of this bankruptcy, Debtor failed to comply with its duties under the Bankruptcy Code, including the failure to timely and properly file schedules and documents.  Post petition, the Debtor routinely failed to submit operating reports, submitted reports and schedules that were incomplete, failed to attend the creditor's meeting, and failed comply with this Court's orders.

2.      Further, on May 7, 2024, Debtor and its owner, Albert Ortiz, engaged in bad faith actions that violated this Court's Debtor in Possession Order and the Bankruptcy Code.  Ultimately on May 13, 2024, this Court ordered this case converted to a Chapter 7 and made findings of fact and conclusions of law that Ortiz acted in bad faith and was not credible.  *See* May 13, 2024 Hearing Findings of Facts and Conclusions of Law [ECF Nos. 125 and 128].

3.      11 USC 330 ensures that professional fees should only be awarded for services and expenses that are reasonable, necessary, and beneficial to the estate.  The amount of fees incurred in this matter, prior to conversion to Chapter 7, are unreasonable, unnecessary, and did not confer a benefit to the estate, particularly when viewed in light of the actions of Debtor that led to the conversion and prior thereto.

**BACKGROUND**

4.      Relative Lending is a commercial lender operating in and around the State of Texas. Relative Lending provided multiple loans to Debtor pre-petition on the property located at 6300 Dixie Drive.  As a result of the failure of Debtor to timely and completely pay its loan, in January 2022 Debtor filed for bankruptcy to delay the foreclosure on the property by Relative Lending. Eventually, that bankruptcy was dismissed in May 2022 and prior to the foreclosure of the property in August 2022, Debtor refinanced the loan with its current lender on the property, RJMG Fund, LLC.  However, prior to the filing of this current bankruptcy, Debtor asserted frivolous claims in a state court lawsuit related to the loan between Debtor and Relative Lending that resulted in Relative Lending incurring attorney's fees that forms the basis of its unsecured claim in this matter. *See* Proof of Claim No. 7 filed by Relative Lending.

5.      Relative Lending admits the filing allegations in the Application in paragraphs 8-33.

**OBJECTION AND LEGAL STANDARD**

6.      11 USC 330 provides a bankruptcy court with discretion to determine the amount of reasonable compensation for debtor's professionals.  Section 330 also constrains the discretion by requiring the court to take into account a series of listed factors including "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title."  *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 273 (5th Cir. 2015) (citing to 11 U.S.C. § 330(a)(3)(C)).

7.      Further, the factors authorize the court to disallow any unreasonable and unnecessary compensation when the services "were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case."  *Woerner*, 783 F.3d at 273 (citing to 11 U.S.C. § 330(a)(4)(A)(ii)).

8.      The amount of fees requested in the Application, $41,898.61, far exceed the reasonable, necessary, and appropriate fees in this matter.

9.      The applicant for professional fees bears the burden of establishing the reasonableness of the compensation requested. *See Sylvester v. Chaffe McCall, L.L.P. (In re Sylvester)*, 23 F.4th 543, 549 (5th Cir. 2022) (collecting cases); *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1326 (5th Cir. 1989) ("The applicant bears the burden of proof in a fee application case.").

10.      Relative Lending reserves the right to amend this Objection as needed to assert any and all claims against Debtors, and/or their assigns and successors.

WHEREFORE, Larry the Lender, LLC fka Relative Lending, LLC respectfully requests that in thus Court enter an Order sustaining the Objections contained herein, and granting Larry the Lender, LLC fka Relative Lending, LLC such further relief as the Court deems equitable and just.

Dated: September 17, 2024

**J D HERBERGER & ASSOCIATES, PC**

By: ___/s/ *Sean M. Rooney*___
Sean M. Rooney
State Bar No.: 24058714
sean@herbergerlaw.com
Jacob D. Herberger
State Bar No.: 24097826
jacob@herbergerlaw.com
11767 Katy Freeway, Suite 920
Houston, Texas 77079
Telephone:  (281) 920-4700
Facsimile: (281) 920-4711

**ATTORNEYS FOR CREDITOR
LARRY THE LENDER, LLC FKA
RELATIVE LENDING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served by the Electronic Case Filing System for the United State Bankruptcy Court for the Southern District of Texas on 17th day of September, 2024.

___/s/ *Sean M. Rooney*___
Sean M. Rooney