**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| G.H. REID ENTERPRISES, LLC | Case No. 23-34381 (JPN) |
| Debtor. | |

**ALBERT ORTIZ'S OBJECTION TO BAKER & ASSOCIATES FINAL**
**APPLICATION FOR APPROVAL OF COMPENSATION FOR SERVICES**
**RENDERED, AND REIMBURSEMENT OF EXPENSES INCURRED AS**
**BANKRUPTCY COUNSEL FOR DEBTOR FOR THE TIME PERIOD OF**
**NOVEMBER 8, 2023 TO MAY 13, 2024**

Albert Ortiz ("Ortiz"), the equity interest holder of the above-captioned debtor, by and through undersigned counsel, files this objection to the *Baker & Associates Final Application For Approval of Compensation For Services Rendered, and Reimbursement of Expenses Incurred As Bankruptcy Counsel For Debtor For the Time Period of November 8, 2023 To May 13, 2024* [Docket No 177] (the "Application")[1] and states as follows:

## BACKGROUND

1.      Baker & Associates seeks approval of compensation and reimbursement of expenses incurred while serving as bankruptcy counsel for G. H. Reid Enterprises, LLC (the "Debtor"), during its chapter 11 bankruptcy case.  The Application covers services rendered from November 8, 2023 to May 13, 2024, and requests approval for a total of $41,898.61 in fees and expenses.

2.      On, November 8, the Debtor filed a voluntary petition for chapter 11 protection commencing the above-captioned bankruptcy case.

---

[1]      Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

3.      On May 7, 2024, Mr. Baker, emailed Mr. Albert Ortiz, the representative of the Debtor, and also negligently and inadvertently included Mr. John Bolen and Mr. Sean Rooney on the email which was only intended for Mr. Ortiz, as the representative of the Debtor.   Mr. Baker's email was in response to an email sent from Mr. Ortiz to Texas Funding Corporation wherein he attached two agreements that purported to transfer the ownership of a property known as 7502 Harrisburg into the Debtor's estate.   The email from Mr. Baker stated: "What are you doing? You may have destroyed the case of GH Reid. GHR cannot do this without court approval. You need to retract or you may completely destroy GH Reid."

4.      Also on May 7, 2024, RJMG Fund, LLC ("RJMG") filed the *Emergency Motion For An Order To Suasponte Lift The Automatic Stay As To Debtor's Alleged Property and To Dismiss or Convert To A Chapter 7* [Docket No. 114] (the "Motion to Dismiss") seeking to dismiss or convert the bankruptcy case based on the purported transfer of 7502 Harrisburg without Bankruptcy Court approval, among other allegations.

5.      This Bankruptcy Court set a hearing on the Motion to Dismiss for May 13, 2024 at 9:30 a.m.

6.      On May 9, 2024, RJMG filed its witness and exhibit list for the hearing on the Motion to Dismiss.  The witness and exhibit list included Mr. Ortiz as a witness, and it included as an exhibit the May 7 email from Mr. Baker to Mr. Ortiz.

7.      Mr. Baker did not review the RJMG exhibits prior to the hearing on the Motion to Dismiss, as was evident at the hearing on the Motion to Dismiss since he was unaware until the exhibit was presented at the hearing that he negligently and inadvertently included others on his May 7 email to Mr. Ortiz, breaking the attorney-client privilege.   Mr. Baker did not prepare for the hearing on the Motion to Dismiss with Mr. Ortiz by reviewing the exhibits filed by RJMG.

Doing such a basic and customary preparation for the contested evidentiary hearing would have made Mr. Baker aware that he had negligently and inadvertently disclosed the May 7 email to others.  As shown through the time records attached to the Application, Mr. Baker spent only 3.3 hours preparing for the hearing on the Motion to Dismiss, a hearing that was the most consequential hearing in the chapter 11 case.

8.	On May 13, 2024, the Bankruptcy Court held the hearing on the Motion to Dismiss and entered an order converting the case to a chapter 7 case [Docket No. 126] following the hearing.

## **LEGAL STANDARD**

9.	Award of fees to a debtor's professionals is governed by 11 U.S.C. § 330, which allows for "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1).  In determining the amount of reasonable compensation to committee professionals, courts consider the nature, extent and value of services provided. 11 U.S.C. § 330(a)(3); *See Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner), 783 F.3d 266,* 277 (5th Cir. 2015) (citing to 11 U.S.C. § 330(a)(3)(C)).

10.	Building off of § 330(a), courts use the lodestar method, multiplying the number of hours of work performed by attorneys and paraprofessionals by their respective hourly rates.  The total yields a lodestar amount. *ASARCO, LLC v. Culbreth, et al. (In re ASARCO, LLC)*, 751 F.3d 291, 295 (5th Cir. 2014) (citing *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 654–55 (5th Cir.2012) (citations omitted)).

11.	After considering the lodestar calculation, Courts look to twelve factors laid out in *Johnson v. Georgia Highway Express, Inc,* 488 F. 2d 714 (5th Cir. 1974) to adjust fees upwards or downwards. These are known as the *Johnson* factors, which look beyond the hours spent and

rates charged by attorneys, and instead to various circumstances surrounding the case.  The *Johnson* factors include, among other factors, the skill requisite to perform the legal service properly and the amount involved, and the results obtained. *Pilgrim's Pride*, 690 F.3d at 654 (citations omitted)(emphasis added). "Section 330(a), the lodestar method, and the Johnson Factors work in conjunction with each other to guide the court's discretion." *In re ASARCO, LLC*, 751 F.3d at 295 (citation omitted); *See In re Woerner*, 783 F.3d at 273.

**<u>OBJECTION</u>**

12.     Baker & Associates seeks approval for $41,898.61 in fees and expenses for legal services rendered to the Debtor during its chapter 11 bankruptcy case.  However, due to negligence and failures in the performance of critical legal duties, the requested compensation should be reduced or denied altogether. Under 11 U.S.C. § 330, courts have the authority to award "reasonable compensation for actual, necessary services rendered." In this case, Baker & Associates failed to provide the necessary skill and care in representing the Debtor, contributing to a detrimental outcome that culminated in the conversion of the case from chapter 11 to chapter 7.

13.     Mr. Baker negligently and inadvertently copied John Bolen and Sean Rooney on an email that contained sensitive legal advice to the Debtor, specifically warning Mr. Ortiz that the transfer of 7502 Harrisburg without court approval could jeopardize the bankruptcy case.  This negligent disclosure broke attorney-client privilege and provided with critical evidence to support the Motion to Dismiss.  Baker's failure to safeguard confidential information contributed to the outcome of a failed chapter 11 case.

14.     Despite the severity of the May 13, 2024 hearing on RJMG's Motion to Dismiss, Mr. Baker spent only 3.3 hours preparing for what was the most consequential hearing of the case.

The hearing resulted in the conversion of the case to Chapter 7, marking a catastrophic outcome for the Debtor. Adequate preparation for this hearing would have included reviewing RJMG's exhibits, which contained the May 7 email, allowing Mr. Baker to be aware of his negligent disclosure before it was presented at the hearing. The failure to prepare thoroughly for the most consequential hearing of the chapter 11 case should further disqualify the services as being reasonable and necessary under § 330(a).

## CONCLUSION

WHEREFORE, for the reasons set forth above, Baker & Associates' Application should be denied or significantly reduced. The legal representation provided to the Debtor fell far below the standard of reasonable and necessary services required under 11 U.S.C. § 330. The combination of negligence, failure to adequately prepare for a critical hearing, and the contribution of the foregoing to a failed chapter 11 case supports a substantial reduction or denial of the fees sought in the Application.

Dated: September 20, 2024

**PARKINS & RUBIO LLP**

*/s/ Charles M. Rubio*
Lenard M. Parkins
TX Bar No. 15518200
Charles M. Rubio
TX Bar No. 24083768
700 Milam Street, Suite 1300
Houston, TX 77002
Phone: (713) 715-1660
Fax:    (713) 715-1669
Email: lparkins@parkinsrubio.com
        crubio@parkinsrubio.com