United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 23, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 23-34381** |
| **G.H. REID ENTERPRISES, LLC** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE JEFFREY P. NORMAN** |

**AGREED ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO CONDUCT AUCTION SALE OF LITIGATION AND RELATED CLAIMS, APPROVAL OF BID PROCEDURES, SETTING AUCTION DATE AND SETTING HEARING TO APPROVE AUCTION SALE**

(Docket # 193)

CAME ON for consideration the following Agreed Order on the Trustee's Emergency Motion for Authority to Conduct Auction Sale of Litigation and Related Claims, Approval of Bid Procedures, Setting Auction Date and Setting Hearing to Approve Auction Sale (the "Motion") and the Court being of the opinion that it should be granted, it is therefore:

ORDERED that all capitalized terms used herein shall have the same meaning ascribed to them as in the Motion;

The Court FINDS that the assets described in the Motion and the attached Exhibit A are saleable, and should be sold for the benefit of the estate and is creditors, under 11 U.S.C. § 363(b), it is ORDERED that the Trustee is authorized to offer the foregoing for sale by public auction to be held on the 9thday of October, 2024, commencing at 9:00 a.m., pursuant to the bid procedures set forth in the attached Exhibit A.

ORDERED that a hearing to approve the sale of the foregoing assets shall take place immediately following the close of the Auction.  A separate sale approval order shall issue; it is further

ORDERED that within one (1) business day of entry of this Order the Trustee shall serve a copy of this Order on all parties in interest in the above-captioned bankruptcy case and all other parties the Trustee believes may be interested in participating at the auction, if any.

Signed: September 23, 2024

_____
Jeffrey P. Norman
United States Bankruptcy Judge

S

AGREED TO AND ENTRY REQUESTED:

*/s/ Marc Douglas Myers*

_____

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

*/s/ Charles M. Rubio by permission MDM*

_____

Charles M. Rubio
Parkins & Rubio, LLP
SBN 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
(713) 715-1660; (713) 715-1669 fax
crubio@parkinsrubio.com
COUNSEL FOR ALBERT ORTIZ

*/s/ Julie M. Koenig by permission MDM*

_____

Julie M. Koenig
Cooper & Scully, PC
SBN 14217300
815 Walker, Suite 1040
Houston, Texas 77002
Julie.koenig@cooperscully.com
(713) 236-6825
COUNSEL FOR G&G TOWERING, INVESTMENTS, INC. AND PROPOSED COUNSEL FOR MAJESTIC CHARTERS, LLC

**Exhibit A - Bid Procedures**

1.      **Public Auction and Oversight**:  A public auction of the below defined "Claims" shall be conducted by the Honorable Jeffrey P. Norman, US Bankruptcy Judge on the record at 515 Rusk, Courtroom 403, Houston, Texas 77002, at a date and time Ordered by the Court:

2.      **Bidding Process**: The auction will occur in the following order, with each lot auctioned separately (as such capitalized terms are defined in ECF 159):

a. First Lot:  Gentry Litigation Assets (the following collectively, the "Gentry Litigation Assets"):

    i. Levied Funds,

        1.   Diedra Gentry asserts that $3,467 of the Levied Funds are student loan proceeds belonging to her daughter, Brielle Middleton, that were deposited into her joint account with Evan Gentry and seized by the Receiver and not property of the Debtor's bankruptcy estate.  Diedra Gentry reserves the right to seek a determination from the Bankruptcy Court on whether the disputed funds are her property, and not property of the Bankruptcy estate, prior to the auction.  The Trustee will provide Diedra Gentry notice of the order approving these bid procedures and the bid procedures.

    ii. All claims of any nature of the bankruptcy estate against any of the Defendants and Deidra Gentry, including without limitation the Judgment and the claims set forth in Proof of Claim No. 9 ("POC 9") filed in the G&G Chapter 11 case, including all claims regarding or related to the enforcement of and collection on the Judgment (collectively, the "Purchased Causes of Action"),

    iii. All documents, including correspondence or copies thereof, in the possession of the Trustee, if any and which are not already in the possession of a bidder, to support POC 9 and all claims with respect to any Defendants and Deidra Gentry, and

    iv. All stockin G&G Towering Investments, Inc., transferred to the Debtor's estate pursuant to that certain order entered by County Civil Court At Law Number One, Harris County, Texas in the case styled as *G.H. Reid Enterprises, LLC, vs. G & G Towering Investments, Inc.; Majestic Charters, LLC; Evan Gentry; and Harold Gentry* on April 1 2024[1].

b. Second Lot:  Relative Lending Litigation Assets: All claims of any nature of the bankruptcy estate against Relative Lending, LLC (the "Relative Lending Litigation Assets"); and

c. Third Lot:  Texas Pumpers Litigation Assets: All claims of any nature of the bankruptcy estate against Texas Pumpers Company, LLC a/k/a Texan Pumpers (the "Texas Pumpers Litigation Assets")

---

[1] Specifically the Order states: " ORDERED that upon signing of this order, the stock of Evan Gentry and Harold Gentry in G&G Towering Investments, Inc., shall transfer to Plaintiff and thereafter the Court, or alternatively, the Receiver shall determine the market value of such stock and apply such amount to satisfaction of the final judgment in this cause."

Each of the foregoing lots will be sold separately for cash consideration only (U.S. Dollars). The Trustee will assign each lot to the winning and closing bidder. Nothing in these procedures prevents the winning bidder from later assigning or transferring any claims as they see fit.

3. **Bidder Qualification**:  All persons who desire to attend the auction as a bidder must communicate in writing to the Trustee their intention to participate as a bidder at least five (5) days prior to the start of the auction and provide the Trustee Proof of Ability to Close (defined below). Any entity must provide the Trustee evidence of corporate authority to participate in the auction. Only individuals or entities who meet the foregoing requirements will be qualified to bid. The Trustee will notify all bidders and prospective bidders of the qualified bidders at least three (3) days before the auction. All persons intending to participate in the auction must do in-person, remote appearances will not be allowed.

4. **Sale Terms**:  The Claims be sold on an AS IS WHERE IS basis with all faults and defects, with no representations or warranties of any kind, including but not limited to, express or implied warranties;

5. **Proof of Ability to Close**:  At least three (3) business days prior to the scheduled auction each prospective bidder must deposit with the Trustee cash funds in the amounts set forth below for each lot they intend to bid on:

| | |
|---|---|
| First Lot: | $65,000.00 |
| Second Lot: | $5,000.00 |
| Third Lot: | $1,000.00 |

Each deposit must be made separately and distinctly designated as a deposit for a specific lot.  If a prospective bidder does not make a deposit for a specific lot, that prospective bidder may not bid on that lot at the auction.  Within one (1) day after expiration of the deposit deadline, the Trustee shall give notice to all prospective, qualified bidders of the deposits made by each prospective, qualified bidder.  *For the avoidance of doubt, no bidder will be credited as having made a deposit with any portion of the Levied Funds*.

6. **Opening Bid Process**:  At the opening of the auction, the Court shall solicit a volunteer from those bidders present to make the opening bid for each lot which the bidder made a proof of ability to close deposit.  If multiple bidders desire to make the opening bid, each of those bidders shall then roll a twenty-side die once, with the bidder with the highest roll being the opening bidder with an obligation to make the opening bid.  In the event of a tie, the tying parties shall continue taking turns until there is no longer a tie.  If no bidder volunteers to make the opening bid, the Court, in its sole discretion, shall choose from the bidders present who is to make the opening bid.  The opening bidder must bid at least $500 more than the amount deposited for each lot or forfeit its right to continue bidding on that lot and receive back its deposit on that lot within three (3) business days.

a. If only one bidder made a proof of ability to close deposit for a lot, then at the opening of the auction, that bidder will be deemed to be the winning bidder for that lot.

7. Bids made after the opening bid shall be in an order determined by the Court with each bidder being given an opportunity to overbid the last highest bid on a lot.  All bids made over the last bid made for a lot must be in increments of $1,000 for lot one and $500 for lots two and three.  A bidder who does not make an overbid of the last highest bid on a lot forfeits the right to continue bidding on that lot; provided, however, the last bid of the forfeiting bidder may be selected as a backup bidder to the winning bidder who does not close for that lot.  *For the avoidance of doubt, a bidder may not withdraw or reduce any bid previously made on a lot after the opening bid is made*.

8.      At the conclusion of the Auction, the bidder making the highest and best bid for each lot will be announced as the winning bidder, whereupon the winning bidder must provide the Trustee with cash or cash equivalent for the difference between the deposit made for a lot and the amount of its winning bid for a lot, otherwise its winning bid on the lot for which additional funds are required will be forfeited.  In the event of a forfeit, the Trustee may immediately accept the bid of the bidder with the next highest and best bid for a lot may as a backup bidder, whereupon the backup bidder must provide the Trustee with cash or cash equivalent for the difference between the deposit made for a lot and the amount of its backup bid for a lot, otherwise its backup bid on the lot for which additional funds are required will be forfeited.  A sale approval hearing shall take place immediately following the close of the auction at which, in addition to all other relief sought, the Trustee will request that the Court waive the stay imposed by FRBP 6004(h) and for good faith findings pursuant to 11 U.S.C. § 363(m).  If the winning bidder's bid, or that of a backup bidder as the case may be, is approved by the Court, the Trustee will transfer the lot(s) purchased to the buyer approved by the Court and will further have one (1) business day following entry of the Order approving the sale to deliver all required closing documents including a bill of sale and any other documents reasonably requested by the buyer approved by the Court to consummate the sale.  If the sale of a lot(s) is not approved, the Trustee will return the cash consideration provided by a bidder within 3 business days.

9.      **Jurisdiction and Due Diligence**:  By participating in the Auction, a bidder will be deemed to: (i) have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction or the construction and enforcement of these procedures and (ii) have conducted all due diligence required to participate in the auction on a fully informed basis and is not relying on an representation of any kind by the Trustee in exercising its business judgment in bidding on/purchasing the Claims.