United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-34381** |
| **G.H. REID ENTERPRISES, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 7** |

## ORDER ON FINAL APPLICATION FOR ADMINISTRATIVE EXPENSES
## (ECF NO. 177)

Before the Court is the Final Application for Administrative Expenses filed by Reese Baker ("Baker") and the three objections thereto filed by the Chapter 7 Trustee (ECF No. 195), Relative Lending, LLC (ECF No. 190) and Albert Ortiz (ECF No. 207). Hearing was held on September 25, 2025 and Baker testified.

Baker seeks $41,550.00 in attorney's fees and $348.61 in expenses. The Trustee objects to specific time records on various grounds including that counsel billed excessive time, that the billing records do not reflect the actions taken by Baker benefitted the estate, that there are material inaccuracies that should have been caught and corrected by Baker, and that certain time records relate to work on pleadings that were never filed [Baker admitted that at least one billing entry relates not to this debtor but another debtor he represents] or that his representation was actually not for the debtor but for the debtor's principal, Albert Ortiz. The allegations as described in the objections have merit and they are adopted and sustained. The Trustee has requested a reduction of 8.4 hours at $525 per hour and the Court reduces the fee request by this amount.

The objections of Relative Lending, LLC ("Relative") are broader based. Relative argues the debtor failed to comply with its duties under the Bankruptcy Code, failed to file or filed incorrect or incomplete schedules and documents, including monthly operating reports and failed to attend a creditor's meeting and generally failed to comply with this Court's orders. In summary that the fees sought by Baker should be awarded for services and expenses that are reasonable, necessary and beneficial to the estate. Relative does not seek a specific reduction but states that the fees sough far exceed the reasonable, necessary and appropriate fees in this matter. Relative notes that Baker bears the burden of establishing the reasonableness of the fees requested. The Court finds that Baker has, in part, failed in this burden.

The objection of the principal Albert Ortiz ("Ortiz") is more specific as it alleges that Baker failed to take or spend sufficient time in preparation for a contested hearing, failed to review a witness and exhibit list, was unaware that he had violated attorney client privilege by forwarding an email to Ortiz to creditor counsel of record[1] breaking the attorney-client privilege. Based on the evidence

---

[1] John Bolen and Sean Rooney.

1 / 3

and the hearing record (ECF No. 128) this did occur.  While Baker testified that his violation of attorney-client privilege did not affect the ultimate case outcome, this Court strongly disagrees as it played a role in conversion of this case to Chapter 7.  Ortiz asks for a "substantial reduction in fee."

Award of fees to a debtor's professionals is governed by 11 U.S.C. § 330, which allows for "reasonable compensation for actual, necessary services rendered."[2] In determining the amount of reasonable compensation to committee professionals, courts consider the nature, extent and value of services provided.[3]

This Court is directed to use the lodestar method, multiplying the number of hours of work performed by attorneys and paraprofessionals by their respective hourly rates. The total yields a lodestar amount.[4]

After considering the lodestar calculation, Courts also look to twelve factors laid out in *Johnson v. Georgia Highway Express, Inc*, 488 F. 2d 714 (5th Cir. 1974) to adjust fees upwards or downwards. These are known as the *Johnson* factors, which look beyond the hours spent and rates charged by attorneys, and instead to various circumstances surrounding the case. The *Johnson* factors include, among other factors, the skill requisite to perform the legal service properly and the amount involved, and the results obtained.

Baker seeks 78.5 hours at an average rate of $524.99 (due to rounding) and 3.0 hours of paraprofessional time at an average rate of $112.50, plus expenses of $348.19.  The Court adopts Baker's billing rates as an attorney and for his paraprofessionals.  The Court reduces the time charges based on the objection of the Chapter 13 Trustee by 8.4 hours at $524.99 per hour based on a lodestar analysis.

Applying the *Johnson* factors the Court thereafter reduces the fee award by 65% based on three factors that relate to skill, performance of legal services and the results obtained.  First, the Court notes the outcome of this case, that it has to this point been extremely unsuccessful for the debtor, leading to its liquidation.  Additionally, the record is replete with instances where the standard of care that Baker should have offered to the debtor is lacking.  Failing to file or filing incorrect or incomplete schedules and documents, including monthly operating reports after review of same, generally failing to comply with this Court's orders and making a substantial error in violating attorney client privilege.  The Court notes that Baker often testified that but for the actions of the debtor, he would have been able to confirm a plan in this case.  The Court disagrees with this assessment.

---

[2] 11 U.S.C. § 330(a)(1).

[3] 11 U.S.C. § 330(a)(3); *See Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 277 (5th Cir. 2015) (citing to 11 U.S.C. § 330(a)(3)(C)).

[4] *ASARCO, LLC v. Culbreth, et al. (In re ASARCO, LLC)*, 751 F.3d 291, 295 (5th Cir. 2014) (*citing In re Pilgrim's Pride Corp.*, 690 F.3d 650, 654–55 (5th Cir.2012) (citations omitted)).  *See Pilgrim's Pride*, *Id.* at 654 (citations omitted) (emphasis added). "Section 330(a), the lodestar method, and the Johnson Factors work in conjunction with each other to guide the court's discretion." *In re ASARCO, LLC*, *supra* at 295 (citation omitted); *See In re Woerner*, *supra* at 273.

The Court additionally finds that Baker has failed in his burden that his work was solely for the benefit of the debtor in all instances. The Court has concerns relating to Baker's fiduciary duty to the debtor. Generally, professionals may be employed only with the court's approval and only to represent or assist in the performance of the applicant's official duties.[5] Attorneys and professionals have an obligation to avoid conflicts of interest. The court may impose sanctions, including disallowing compensation for services and reimbursement of expenses, when previously undisclosed conflicts later come to light.[6] Baker's testimony regarding his representation of the debtor was hazy at best and not sufficient to overcome the Court's concerns regarding the "Motion to Approve Into (sic) Lease Agreements" filed by Baker.[7] Baker failed in his burden that his legal service, in certain areas was solely for the benefit of the debtor and not the debtor's principal. The motion to approve lease contained a Commercial Lease Agreement (ECF No. 42-3) where the debtor is the lessor and Anchor Constructors, LLC is the lessee. Both the debtor and lessee are represented in the lease by the same person, Albert Ortiz, the principal of the debtor. While the motion discloses the potential conflict of interest, Baker's testimony did little, if anything to answer who he was representing and if his filing of the motion, especially give the lease terms, which appear unfavorable to the debtor, were a conflict of interest and not in the debtor's best interest.

For the reasons so stated the Court awards 70.10 hours at $524.99 per hour for Baker's attorney fees, 3.0 hours at $112.50 for paraprofessional fees with a *Johnson* factor reduction of 65% for a total fee award of $12,998.75. The Court also awards $348.61 in expense with no reduction for a total fee award of $13,347.36.

**SO ORDERED.**

SIGNED 09/25/2024

Jeffrey Norman
United States Bankruptcy Judge

---

[5] 11 U.S.C. § 327(a).
[6] 11 U.S.C. § 328(c). *See generally Rome v. Braunstein*, 19 F.3d 54, 59–60, 62–63 (1st Cir. 1994).
[7] ECF No. 42.