**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 23-34381** |
| **G.H. REID ENTERPRISES, LLC** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE JEFFREY P. NORMAN** |

**ORDER APPROVING AND AUTHORIZING SALE**

On October 9, 2024, commencing at 9:00 a.m. CST in Courtroom No. 403 of the U.S. Courthouse, 515 Rusk Street, Houston, Texas 77002, pursuant to the Order at Dkt. No. 209 (the "Auction Order"), attached as Exhibit A, the Court conducted an auction of Lots 1, 2 and 3 described in the Auction Order (the "Lots"). On the same day, immediately following the auction, the Court conducted a hearing on whether to approve and authorize the sale of each Lot to the Winning Bidder.

For the reasons stated on the record, the Court FINDS that:

1.      Under the circumstances of this case, notice of the auction was adequate to maximize the value of the Lots and satisfy the due process rights of all parties in interest;

2.      The estate's interest in each Lot is saleable;

3.      The auction was commercially reasonable and in conducted in good faith;

4.      The following parties appeared at the auction, announced themselves as a bidder, are Qualified Bidders as that term is used in the Auction Order and participated in the auction:

    a.      Albert Ortiz;

    b.      Larry the Lender fka Relative Lending, LLC ("Larry the Lender");

    c.      Texas Pumpers Company, LLC a/k/a Texan Pumpers ("Texan Pumpers"); and

    d.      Evan Gentry, Harold Gentry and/or Deidra Gentry (collectively the "Gentry Group").

5.      Within the time period required under the Auction Order, the following parties made the following proof of ability to fund deposits:

1

| Bidder | Lot 1 | Lot 2 | Lot 3 |
|---|---|---|---|
| Albert Ortiz; | $65,000 | $5,000 | $1,000 |
| Gentry Group | $65,000 | | |
| Larry the Lender | | $5,000 | |
| Texans Pumpers | | | $1,000 |

6.    At the closing of the auction, the highest bid for each Lot was as follows:

| Lot | Highest Bidder | Highest Bid |
|---|---|---|
| 1 | Albert Ortiz | $140,000.00 |
| 2 | Larry the Lender | $5,500.00 |
| 3 | Texans Pumpers | $15,000.00 |

7.    At the closing of the auction, the next highest bids for each Lot were as follows:

| Lot | Next Highest Bidder | Next Highest Bid |
|---|---|---|
| 1 | Gentry Group | $135,000.00 |
| 2 | None | |
| 3 | Albert Ortiz | $14,500.00 |

8.    A bid history by the parties is attached hereto as Exhibit B and reflects the bids and overbids made until the conclusion of the auction with the final bids for each Lot.

9.    At the closing of the auction, the Trustee selected the following as the winning bidder for each Lot (each being the "Winning Bidder" for the Lot designated):

| Lot | Winning Bidder | Winning Bid |
|---|---|---|
| 1 | Albert Ortiz | $140,000.00 |
| 2 | Larry the Lender | $5,500.00 |
| 3 | Texans Pumpers | $15,000.00 |

2

10. At the closing of the auction, the Trustee selected the following as the back-up bidder for each Lot (each being the "Back-up Bidder" for the Lot designated):

| Lot | Next Highest Bidder | Next Highest Bid |
|---|---|---|
| 1 | Gentry Group | $135,000.00 |
| 2 | None | |
| 4 | Albert Ortiz | $14,500.00 |

11. There was no collusion in the auction or in the bidding process;

12. There was no fraud in the auction or in the bidding process;

13. Both the Winning Bidder and the Back-up Bidder are non-insiders to the Trustee;

14. The negotiations between the Trustee and the Winning Bidder have been arms-length;

15. The negotiations between the Trustee and the Back-up Bidder have been arms-length;

16. The Trustee's selection of the Winning Bidder is a reasonable and proper exercise of the Trustee's business judgment;

17. The Trustee's selection of the Back-up Bidder is a reasonable and proper exercise of the Trustee's business judgment.

It is therefore

1. ORDERED that (i) the Trustee is hereby authorized to sell the Lots to the Winning Bidder for the following net price in cash/cash equivalent payable at closing as follows:

| Lot | Winning Bidder | Winning Bid | Credit from Deposit | Net Due at closing |
|---|---|---|---|---|
| 1 | Albert Ortiz | $140,000.00 | $65,000.00 | $75,000.00 |
| 2 | Larry the Lender | $5,500.00 | $5,000.00 | $500.00 |
| 3 | Texan Pumpers | $15,000.00 | $1,000.00 | $14,000.00 |

2. IT IS FURTHER ORDERED that upon entry of this Order the Winning Bidder for each Lot shall provide the Trustee with cash or cash equivalent for the above Net Due at closing, otherwise the Winning Bidder's Bid will be forfeited.  In the event of a forfeit, the Trustee may immediately accept the bid of the Back-Up Bidder for a Lot where the Winning Bidder has forfeited, whereupon the Back-Up

Bidder must provide the Trustee with cash or cash equivalent for the above Net Due at closing, otherwise its backup bid will be forfeited. The Trustee will have one (1) business day following entry of this Order to deliver all required closing documents including a bill of sale and any other documents reasonably requested by the buyer approved by the Court to consummate the sale; and it is further

3.      ORDERED that if the sale of a Lot is not approved, the Trustee will, and is authorized to, return the cash consideration provided by a bidder within 3 business days. If a bidder is not the Winning Bidder or Back-Up Bidder, the Trustee will, and is authorized to, return the cash consideration provided by that bidder within 3 business days; and it is further

4.      ORDERED that the Trustee is authorized to execute the documents necessary to effectuate the sale of each Lot; it is further

5.      ORDERED the Lots are sold in their "AS IS WHERE IS" condition with no representations or warranties whatsoever; it is further

6.      ORDERED that the terms and conditions of this Order are immediately effective and enforceable upon entry; it is further

7.      ORDERED that this Court retains exclusive jurisdiction over the scope of this Order and any dispute that may arise relating to the Lots; and it is further

8.      ORDERED that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

9.      ORDERED that the Court FINDS that entry of the Auction Order, setting of the Bid Procedures, conduct of the auction and closing of the sale of each Lot was negotiated, proposed, and undertaken by all parties at arms'-length, without collusion or fraud, and in good faith within the meaning of Bankruptcy Code section 363(m). The sale of the Lots was the subject to an auction process whereby competitive bidding for each Lot was engaged in. As established by the record, the applicable provisions of the Bankruptcy Code and Bankruptcy Rules have been complied with in all material respects. None of the auction participants engaged in any conduct that would cause or permit the sale of each Lot to be avoided under section 363(n) of the Bankruptcy Code. As a result of all of the foregoing, the Purchaser is entitled

to the protections of Bankruptcy Code section 363(m), including in the event this Order or any portion thereof is reversed or modified on appeal, and otherwise has proceeded in good faith in all respects in connection with these cases. The Auction Order and the auction process was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia; and it is further

10.     ORDERED that the stay provided for under FRBP 6009(h) is hereby WAIVED

Signed: October 09, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

*/s/ Marc Douglas Myers*

_____
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

5

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 23, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 23-34381** |
| **G.H. REID ENTERPRISES, LLC** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE JEFFREY P. NORMAN** |

**AGREED ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO CONDUCT AUCTION SALE OF LITIGATION AND RELATED CLAIMS, APPROVAL OF BID PROCEDURES, SETTING AUCTION DATE AND SETTING HEARING TO APPROVE AUCTION SALE**

(Docket # 193)

CAME ON for consideration the following Agreed Order on the Trustee's Emergency Motion for Authority to Conduct Auction Sale of Litigation and Related Claims, Approval of Bid Procedures, Setting Auction Date and Setting Hearing to Approve Auction Sale (the "Motion") and the Court being of the opinion that it should be granted, it is therefore:

ORDERED that all capitalized terms used herein shall have the same meaning ascribed to them as in the Motion;

The Court FINDS that the assets described in the Motion and the attached Exhibit A are saleable, and should be sold for the benefit of the estate and is creditors, under 11 U.S.C. § 363(b), it is ORDERED that the Trustee is authorized to offer the foregoing for sale by public auction to be held on the 9thday of October, 2024, commencing at 9:00 a.m., pursuant to the bid procedures set forth in the attached Exhibit A.

ORDERED that a hearing to approve the sale of the foregoing assets shall take place immediately following the close of the Auction.   A separate sale approval order shall issue; it is further

ORDERED that within one (1) business day of entry of this Order the Trustee shall serve a copy of this Order on all parties in interest in the above-captioned bankruptcy case and all other parties the Trustee believes may be interested in participating at the auction, if any.

Signed: September 23, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

S

AGREED TO AND ENTRY REQUESTED:

*/s/ Marc Douglas Myers*

_____

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE


*/s/ Charles M. Rubio by permission MDM*

_____

Charles M. Rubio
Parkins & Rubio, LLP
SBN 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
(713) 715-1660; (713) 715-1669 fax
crubio@parkinsrubio.com
COUNSEL FOR ALBERT ORTIZ


*/s/ Julie M. Koenig by permission MDM*

_____

Julie M. Koenig
Cooper & Scully, PC
SBN 14217300
815 Walker, Suite 1040
Houston, Texas 77002
Julie.koenig@cooperscully.com
(713) 236-6825
COUNSEL FOR G&G TOWERING, INVESTMENTS, INC. AND PROPOSED COUNSEL FOR MAJESTIC CHARTERS, LLC

**Exhibit A - Bid Procedures**

1.  **Public Auction and Oversight**:  A public auction of the below defined "Claims" shall be conducted by the Honorable Jeffrey P. Norman, US Bankruptcy Judge on the record at 515 Rusk, Courtroom 403, Houston, Texas 77002, at a date and time Ordered by the Court:

2.  **Bidding Process**: The auction will occur in the following order, with each lot auctioned separately (as such capitalized terms are defined in ECF 159):

a. First Lot:  Gentry Litigation Assets (the following collectively, the "Gentry Litigation Assets"):

i. Levied Funds,

1.  Diedra Gentry asserts that $3,467 of the Levied Funds are student loan proceeds belonging to her daughter, Brielle Middleton, that were deposited into her joint account with Evan Gentry and seized by the Receiver and not property of the Debtor's bankruptcy estate.  Diedra Gentry reserves the right to seek a determination from the Bankruptcy Court on whether the disputed funds are her property, and not property of the Bankruptcy estate, prior to the auction.  The Trustee will provide Diedra Gentry notice of the order approving these bid procedures and the bid procedures.

ii. All claims of any nature of the bankruptcy estate against any of the Defendants and Deidra Gentry, including without limitation the Judgment and the claims set forth in Proof of Claim No. 9 ("POC 9") filed in the G&G Chapter 11 case, including all claims regarding or related to the enforcement of and collection on the Judgment (collectively, the "Purchased Causes of Action"),

iii. All documents, including correspondence or copies thereof, in the possession of the Trustee, if any and which are not already in the possession of a bidder, to support POC 9 and all claims with respect to any Defendants and Deidra Gentry, and

iv. All stock in G&G Towering Investments, Inc., transferred to the Debtor's estate pursuant to that certain order entered by County Civil Court At Law Number One, Harris County, Texas in the case styled as *G.H. Reid Enterprises, LLC, vs. G & G Towering Investments, Inc.; Majestic Charters, LLC; Evan Gentry; and Harold Gentry* on April 1 2024[1].

b. Second Lot:  Relative Lending Litigation Assets: All claims of any nature of the bankruptcy estate against Relative Lending, LLC (the "Relative Lending Litigation Assets"); and

c. Third Lot:  Texas Pumpers Litigation Assets: All claims of any nature of the bankruptcy estate against Texas Pumpers Company, LLC a/k/a Texan Pumpers (the "Texas Pumpers Litigation Assets")

---

[1]  Specifically the Order states: " ORDERED that upon signing of this order, the stock of Evan Gentry and Harold Gentry in G&G Towering Investments, Inc., shall transfer to Plaintiff and thereafter the Court, or alternatively, the Receiver shall determine the market value of such stock and apply such amount to satisfaction of the final judgment in this cause."

Each of the foregoing lots will be sold separately for cash consideration only (U.S. Dollars). The Trustee will assign each lot to the winning and closing bidder. Nothing in these procedures prevents the winning bidder from later assigning or transferring any claims as they see fit.

3. **Bidder Qualification**: All persons who desire to attend the auction as a bidder must communicate in writing to the Trustee their intention to participate as a bidder at least five (5) days prior to the start of the auction and provide the Trustee Proof of Ability to Close (defined below). Any entity must provide the Trustee evidence of corporate authority to participate in the auction. Only individuals or entities who meet the foregoing requirements will be qualified to bid. The Trustee will notify all bidders and prospective bidders of the qualified bidders at least three (3) days before the auction. All persons intending to participate in the auction must do in-person, remote appearances will not be allowed.

4. **Sale Terms**: The Claims be sold on an AS IS WHERE IS basis with all faults and defects, with no representations or warranties of any kind, including but not limited to, express or implied warranties;

5. **Proof of Ability to Close**: At least three (3) business days prior to the scheduled auction each prospective bidder must deposit with the Trustee cash funds in the amounts set forth below for each lot they intend to bid on:

| | |
|---|---|
| First Lot: | $65,000.00 |
| Second Lot: | $5,000.00 |
| Third Lot: | $1,000.00 |

Each deposit must be made separately and distinctly designated as a deposit for a specific lot. If a prospective bidder does not make a deposit for a specific lot, that prospective bidder may not bid on that lot at the auction. Within one (1) day after expiration of the deposit deadline, the Trustee shall give notice to all prospective, qualified bidders of the deposits made by each prospective, qualified bidder. *For the avoidance of doubt, no bidder will be credited as having made a deposit with any portion of the Levied Funds*.

6. **Opening Bid Process**: At the opening of the auction, the Court shall solicit a volunteer from those bidders present to make the opening bid for each lot which the bidder made a proof of ability to close deposit. If multiple bidders desire to make the opening bid, each of those bidders shall then roll a twenty-side die once, with the bidder with the highest roll being the opening bidder with an obligation to make the opening bid. In the event of a tie, the tying parties shall continue taking turns until there is no longer a tie. If no bidder volunteers to make the opening bid, the Court, in its sole discretion, shall choose from the bidders present who is to make the opening bid. The opening bidder must bid at least $500 more than the amount deposited for each lot or forfeit its right to continue bidding on that lot and receive back its deposit on that lot within three (3) business days.

   a. If only one bidder made a proof of ability to close deposit for a lot, then at the opening of the auction, that bidder will be deemed to be the winning bidder for that lot.

7. Bids made after the opening bid shall be in an order determined by the Court with each bidder being given an opportunity to overbid the last highest bid on a lot. All bids made over the last bid made for a lot must be in increments of $1,000 for lot one and $500 for lots two and three. A bidder who does not make an overbid of the last highest bid on a lot forfeits the right to continue bidding on that lot; provided, however, the last bid of the forfeiting bidder may be selected as a backup bidder to the winning bidder who does not close for that lot. *For the avoidance of doubt, a bidder may not withdraw or reduce any bid previously made on a lot after the opening bid is made*.

8.     At the conclusion of the Auction, the bidder making the highest and best bid for each lot will be announced as the winning bidder, whereupon the winning bidder must provide the Trustee with cash or cash equivalent for the difference between the deposit made for a lot and the amount of its winning bid for a lot, otherwise its winning bid on the lot for which additional funds are required will be forfeited.  In the event of a forfeit, the Trustee may immediately accept the bid of the bidder with the next highest and best bid for a lot may as a backup bidder, whereupon the backup bidder must provide the Trustee with cash or cash equivalent for the difference between the deposit made for a lot and the amount of its backup bid for a lot, otherwise its backup bid on the lot for which additional funds are required will be forfeited.  A sale approval hearing shall take place immediately following the close of the auction at which, in addition to all other relief sought, the Trustee will request that the Court waive the stay imposed by FRBP 6004(h) and for good faith findings pursuant to 11 U.S.C. § 363(m).  If the winning bidder's bid, or that of a backup bidder as the case may be, is approved by the Court, the Trustee will transfer the lot(s) purchased to the buyer approved by the Court and will further have one (1) business day following entry of the Order approving the sale to deliver all required closing documents including a bill of sale and any other documents reasonably requested by the buyer approved by the Court to consummate the sale.  If the sale of a lot(s) is not approved, the Trustee will return the cash consideration provided by a bidder within 3 business days.

9.     **<u>Jurisdiction and Due Diligence</u>**:  By participating in the Auction, a bidder will be deemed to: (i) have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction or the construction and enforcement of these procedures and (ii) have conducted all due diligence required to participate in the auction on a fully informed basis and is not relying on an representation of any kind by the Trustee in exercising its business judgment in bidding on/purchasing the Claims.

## Exhibit B - Bid History

**Bidder Identification**

- Albert Ortiz ("AO")

- Larry the Lender fka Relative Lending, LLC ("LTH");

- Texas Pumpers Company, LLC a/k/a Texan Pumpers ("TX"); and

- Evan Gentry, Harold Gentry, Deidra Gentry, G&G Towering Investments, Inc., and Majestic Charters, LLC ("GG").

EXHIBIT

*B*

Blumberg No. 5119

**Lot 1**

Qualified Bidders:      AO, GG

Initial Bidder: _Ortiz_                          Initial Bid: $ _70,000_

| Bidder | Bid |
|---|---|
| Gentry | $ 71,000 |
| Ortiz | $ 72,000 |
| Gentry | $ 73,000 |
| Ortiz | $ 74,000 |
| GG | $ 75,000 |
| Ortiz | $ 76,000 |
| GG | $ 77,000 |
| Ortiz | $ 78,000 |
| GG | $ 79,000 |
| Ortiz | $ 80,000 |
| GG | $ 81,000 |
| Ortiz | $ 82,000 |
| GG | $ 83,000 |
| Ortiz | $ 84,000 |
| GG | $ 85,000 |
| Ortiz | $ 86,000 |
| GG | $ 87,000 |
| Ortiz | $ 88,000 |
| GG | $ 89,000 |
| Ortiz | $ 90,000 |
| GG | $ 91,000 |
| Ortiz | $ 92,000 |
| GG | $ 93,000 |
| Ortiz | $ 94,000 |
| GG | $ 95,000 |
| Ortiz | $ 96,000 |
| GG | $ 97,000 |

② 

| | |
|---|---|
| Ortiz | $ 98,000 |
| G6 | $ 99,000 |
| Ortiz | $ 100,000 |
| G6 | $ 101,000 |
| Ortiz | $ 102,000 |

(BREAK)

| | |
|---|---|
| G6 | $ 103,000 |
| Ortiz | $ 104,000 |
| G6 | $ 105,000 |
| Ortiz | $ 106,000 |
| G6 | $ 107,000 |
| Ortiz | $ 108,000 |
| G6 | $ 109,000 |
| Ortiz | $ 110,000 |
| G6 | $ 115,000 |
| Ortiz | $ 116,000 |
| G6 | $ 117,000 |
| Ortiz | $ 118,000 |
| G6 | $ 119,000 |
| Ortiz | $ 120,000 |
| G6 | $ 121,000 |
| O | $ 122,000 |
| G6 | $ 123,000 |
| O | $ 124,000 |
| G6 | $ 125,000 |
| O | $ 126,000 |
| G6 | $ 127,000 |
| O | $ 128,000 |
| G6 | $ 129,000 |

③

| | |
|---|---|
| Ortiz | $ 130,000 |
| G6 | $ 131,000 |
| Ortiz | $ 132,000 |
| G6 | $ 133,000 |
| Ortiz | $ 134,000 |
| G6 | $ 135,000 |
| Ortiz | $ 136,000 |
| G6 | $ 137,000 |
| Ortiz | $ 138,000 |
| G6 | $ 139,000 |
| Ortiz | $ 140,000   WINNER |
| G6 | STOP |

**Lot 2**

Qualified Bidders:    AO, LTH

Initial Bidder: _LTH_          Initial Bid: $ _5500_    _Winner_

_NO BIDDERS_           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

_____           $_____

O = Ortiz

**Lot 3**

Qualified Bidders:        AO, TX

Initial Bidder: _Ortiz_                    Initial Bid: $ _1500_

| Bidder | Bid |
|---|---|
| TX | $ 2000 |
| O | $ 2500 |
| TX | $ 3000 |
| O | $ 3500 |
| TX | $ 4000 |
| O | $ 4500 |
| TX | $ 5000 |
| O | $ 5500 |
| TX | $ 6000 |
| O | $ 6500 |
| TX | $ 7000 |
| O | $ 7500 |
| TX | $ 8000 |
| O | $ 8500 |
| TX | $ 9000 |
| ? | $ ? |
| O | $ 10500 |
| TX | $ 11000 |
| O | $ 11500 |
| TX | $ 12000 |
| O | $ 12500 |
| TX | $ 13000 |
| O | $ 13500 |
| TX | $ 14000 |
| O | $ 14500 |
| TX | $ 15000 ⟶ WINNER |
|  | $ |