**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **G.H. Reid Enterprises, LLC** | § | **CASE NO. 23-34381** |
| | § | |
| | § | **CHAPTER 7** |
| | § | |
| **Debtor** | § | |

**OBJECTION TO TRUSTEE'S APPLICATION OF
FINAL COMPENSATION AND OBJECTION TO
FINAL DISTRIBUTION**

TO:    THE HONORABLE JEFFREY NORMAN UNITED STATES BANKRUPTCY JUDGE:

RJMG FUND, LLC (hereinafter "RJMG") a creditor of G.H. Reid Enterprises, LLC (the

"**Debtor**"), files this Objection to the Trustee's Application for Final Compensation and Final

Distribution and respectfully represents:

JURISDICTION

1.  This Objection to the Application for Final Compensation and for Final Distribution is
    brought pursuant 28 U.S.C. §§ 151, 157(b) (2) (B), (K), and (O) and 1334 and 11
    U.S.C. §§ 503(a) and 503((b)1(A) and 503 1(B)(i), 522, 554 and 105(a).

2.  On July 31, 2025, Eva Englehart, Chapter 7 Trustee filed her Notice of
    Application for Compensation and Final Distribution (dkt 364, 366 and 367).

3.  RJMG asserts that there are claims outstanding and the above-mentioned filings
    are premature. This objection is timely filed. The Trustee is attempting to return
    funds to the Debtor while there are claims outstanding.

4.  RJMG is an administrative and unsecured claim creditor which is owed compensation for expenses incurred by RJMG for the benefit of the bankruptcy estate during the term of the bankruptcy.

5.  In particular, the estate owes RJMG for expenses related to the adequate protection of property held by the estate during the pendency of the bankruptcy; and prior to the abandonment of the property known as 6300 Dixie ("Property")

6.  The bankruptcy estate assumed the lease on the Property while it held the Property and RJMG perfected its lien on the rents on the Property during the pendency of the bankruptcy. No rents were paid to RJMG.

7.  The Trustee assumed the foreclosure of the Property on June 3, 2025, would be sufficient to pay the outstanding Note and past due taxes due RJMG. The bankruptcy estate owed prepetition taxes on the Property during the bankruptcy which were unpaid by the estate but were subsequently paid by RJMG. The Trustee makes no provision for the payment of the pre and post-petition taxes on the Property to RJMG.

8.  The bankruptcy estate owed RJMG for the deficiency on the Note and post-petition taxes during the time it held the property which were not paid by the estate, and which were subsequently paid by RJMG.

9.  RJMG paid Panacea Fund I, LLC. $37,009.21 in June of 2025 in order pay off its claims filed in the bankruptcy estate. A true and correct copy of the payoff statement is attached hereto as Exhibit A. All payments to Panacea should go to RJMG.

10. The Property was finally foreclosed by RJMG in July 2025. The sale of the Property was not sufficient to pay the outstanding Note and was not sufficient to pay the outstanding taxes on the Property.  A true and correct copy of the filed 2nd Corrected Foreclosure Sale Deed evidencing the sale of the property is attached hereto as Exhibit B. The sale was for less than the amount owed by the estate to RJMG.

11. The Trustee was notified there would be a claim and has failed to compensate RJMG for its contribution to the bankruptcy estate.

## RESPONSE TO APPLICATION FOR TRUSTEE'S COMPENSATION AND EXPENSES

12. RJMG admits paragraphs 1 and 2 of the Application for Final Distribution.

13. RJMG denies the allegations in paragraph 3-8.

14. RJMG is unable to admit or deny paragraph 9.

## TRUSTEE'S FINAL REPORT

15. RJMG admits paragraphs 1 of the Application for Final Distribution.

16. RJMG denies the allegations in paragraph 2-8.

## ADMINISTRATIVE CLAIM

17. RJMG will file its Request for Administrative Claim and unsecured claim now that the foreclosure sale did not bring sufficient funds to pay the secured and priority and administrative claims.

WHEREFORE, RJMG respectfully requests that the Court set this case for hearing and postpone and/or deny the Application for Compensation and for Final Distribution pending the payment of claims to RJMG and for such other and further relief as the Court deems RJMG justly entitled.

3

Dated: August 14, 2025

Respectfully submitted,
/s/Edgar A. Goldberg
Edgar A. Goldberg
6525 Washington Avenue
Houston, Texas 77007
SBN 08075100
Fed Id 20

(713) 629-5889
(713) 629-5879 (fax)
713-256-1014 (cell)
Edgar@eagoldberglaw.com

ATTORNEY FOR RMJG Fund, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2025, a true and correct copy of the above and foregoing Objection to Application to Trustee Compensation and Final Distribution was served, via electronic delivery or first class mail, postage prepaid, upon the parties listed on the attached Service List pursuant to Rule 9007 of the Local Rules.

4

**Debtors**

G.H. Reid Enterprises, LLC
6300 Dixie Drive
Houston, Texas 77087


**TRUSTEE**

US Trustee
515 Rusk
Houston, Texas 77002

Eva Englehart Chapter 7 Trustee
*Marc Douglas Myers*
*Ross, Banks, May, Cron & Cavin, P.C.*
*SBN 00797133*
*7700 San Felipe, Suite 550*
*Houston, Texas 77063*
*(713) 626-1200; (713) 623-6014 fax*
*mmyers@rossbanks.com*
*COUNSEL FOR THE TRUSTEE*

**Debtor's Attorney**

Reese Baker
Reese Baker
950 Echo Lane
Suite 300
Houston, Texas 77024

Hector Duran Jr.
US Trustee
515 Rusk Ste 3516
Houston, Texas 77002


**Office of U.S. Trustee**

Ha Minh Nguyen
515 Rusk
Ste. 3516
Houston, Texas 77002

**/s/Edgar A. Goldberg**
Edgar A. Goldberg

5